Caron Corporation, Plaintiff, *v.* Conde, Limited, Defendant.

Supreme Court, New York County, February 1, 1926.

Trade-marks and trade names — infringement — action to restrain defendant from acts of infringement arising from sale of perfume — plaintiff sells perfume called " Le Narcisse Noir " under registered trade-mark — sale by defendant of perfume known as " Narcissus " does not infringe plaintiff's right — plaintiff not entitled to exclusive right to use word " narcissus " where word describes familiar flower — use of term " Le Narcisse Noir " or " black narcissus " not fanciful, arbitrary or suggestive — name " Conde " does not resemble plaintiff's name " Caron."

Plaintiff, which markets a perfume called " Le Narcisse Noir," meaning " black narcissus," under a registered trade name, is not entitled to a judgment restraining defendant from acts alleged to infringe upon said trade name and for an accounting, nor from selling a perfume known as " Narcissus," for the reason that the use of the term " Le Narcisse Noir " as a trade-mark does not give the plaintiff an exclusive right to the use of the word " narcissus " alone as an arbitrary or fanciful term.

The fact that plaintiff's perfume does not resemble the odor of the narcissus flower does not make the title suggestive, arbitrary or fanciful for the reason that the word " narcissus " describes a familiar flower having a well-defined odor which in no way can be employed in a fanciful sense as applied to a perfume. Nor is plaintiff entitled to prevent the use of the word " narcissus " in its normal, descriptive sense, particularly where plaintiff concedes its perfume has no resemblance to the odor of the narcissus flower.

The name " Conde" by which the defendant markets its goods does not resemble plaintiff's assumed name " Caron."

ACTION in equity to enjoin the defendant from alleged acts of infringement and unfair competition, and for an accounting.

*Evarts, Choate, Sherman & Leon* [*Maurice Leon* of counsel], for the plaintiff.

*Jay Leo Rothschild,* for the defendant.

BIJUR, J. This is an action in equity, brought by plaintiff to enjoin the defendant from alleged acts of infringement and unfair competition, and for an accounting. Plaintiff sells a perfume called "Le Narcisse Noir," meaning black narcissus. The words in French are also registered as a trade-mark. Defendant sells a perfume known as "Narcissus." Plaintiff's chief contention can best be stated in the language of its learned counsel as follows: "The word 'Narcisse' is suggestive rather than descriptive as applied to perfumery as distinguished from essential oils. Plaintiff's predecessors having originated the use of the word 'Narcisse' in an arbitrary and fanciful sense, which identifies a French perfume of the bouquet odor type, are entitled to restrain the use by defendant of a similar word in a similar sense. Assuming, for the purpose of the argument, that the word 'Narcisse' or 'Narcissus' as applied to perfumery is descriptive, it has acquired a secondary meaning identifying plaintiff's perfume, and it is in that secondary meaning that defendant is using it."

He cites the decision of the Circuit Court of Appeals in *Le Blume Import Co.* v. *Coty* (293 Fed. 344), as presenting a number of close analogies.

Before comparing the two cases, it is well to observe that the contentions expressed in plaintiff's "points" are not strictly applicable to the facts of the case. In the first place, it claims that the word "narcissus" is "suggestive," that it has been used by plaintiff in an "arbitrary and fanciful" sense, and that, therefore, plaintiff is entitled to restrain the use of a similar word in a similar sense. The plaintiff does not use the word "narcissus," but the words "narcisse noir," namely "black narcissus." In mathematics it may be true that a whole is equal to the sum of all its parts, and, conversely, that each part is equal to its proportion of the whole. No such principle, however, can be applied to the use of a combination of words or phrases in the field of the law of unfair competition. A phrase or a combination of words may be entitled to absolute protection, while the use of its component parts separately may be open to every one. Assuming that plaintiff is entitled to the sole use of the phrase "black narcissus" or any colorable imitation thereof, it by no means

Supreme Court, February, 1926.     [Vol. 126

follows that it has any right to prevent the use of the word "narcissus" alone.  I have no desire, however, to base my decision merely upon that ground, but a recognition of the distinction has some bearing upon the next point.

Plaintiff's claim, in substance, is that its cologne does not, and is not intended to, resemble the perfume of the narcissus flower, and that consequently the title adopted by it is "suggestive," "arbitrary," or "fanciful," and that, therefore, it is entitled to restrain its use by any other person for the same or similar purpose, or in any connotation like that awarded to it by him.  The common word "narcissus" describes a well-known flower having a well-known odor.  I do not see how it can possibly be employed in a fanciful sense as applied to a perfume.  Any attempt to do so would result in its being employed in a false or deceptive sense.  Plaintiff apparently realized that fact, because it called its perfume "black narcissus," a term which to any person of intelligence is manifestly wholly fanciful.  If, however, we could conceive of the word "narcissus" as having been applied to perfume in a "suggestive" or fanciful sense, there is no basis in reason or authority for the proposition that plaintiff would be entitled to prevent any one from using it in its normal descriptive signification as I find it to be used by defendant.  I shall not undertake — because it seems to me to be wholly immaterial — to determine the merits of defendant's product or the exact extent to which its odor duplicates that of the narcissus flower.  That it does resemble it in some degree is manifest from the record.  Plaintiff concedes, or claims, as the case may be, that its perfume has no relation to that odor.

I now come to the *Le Blume* case.  Plaintiff there undertook to protect his use of the word "L'Origan."  I pass by the preliminary discussion of the precise form of the word as used and registered to reach the consideration by the court of the word "origan."  It is pointed out that that word is of great antiquity, that it is defined as "wild marjoram, also pennyroyal," and that "it is in no sense a word of common speech in English."  Upon these premises it is not surprising that the court concluded that it was used in an arbitrary or fanciful sense by plaintiff and necessarily so by the defendant, and that consequently an injunction should issue.  In the course of its discussion, the court divided perfumes into two classes: Those which duplicate the odor of a flower, and those which are distinctive and original blends, in which there is no attempt to duplicate the odor of any flower or natural product.  I mention this only because it indicates recognition of the fact that a perfume is to be judged primarily by the odor which it duplicates,

Misc. 676]          Supreme Court, February, 1926.

and not by the character of its ingredients. I have, therefore, disregarded the question of the composition of the perfume of either plaintiff or defendant in the instant case. I believe also that the mere statement of what was involved and what was held in the *Le Blume* case sufficiently and strikingly distinguishes it from the case before me. To sum up my views, I may say that I do not regard the use by plaintiff of the term " black narcissus " as giving it any exclusive right to the use of the word " narcissus " alone. Next, whether its claim be to the right to the use of the phrase " black narcissus " or of the word " narcissus " alone as an arbitrary or fanciful term, I know of no authority by which it is entitled to prevent the use of the word " narcissus " by defendant as descriptive of a perfume resembling the odor of the narcissus flower.

As a secondary claim, plaintiff contends that the name adopted by defendant, namely, " Conde," resembles plaintiff's assumed name " Caron," and that such resemblance is emphasized by the use of the word " Paris " in connection with New York on the labels bearing defendant's name, particularly since defendant has no place of actual manufacture or business in Paris. I find no merit in these contentions. A name might, if employed in connection with other evidences of infringement, have some weight in determining whether an actual infringement existed. Standing by itself, the name " Conde " is wholly different from " Caron." As an independent proposition also it is none of plaintiff's concern whether defendant has a place of business in Paris or not.

Finally, plaintiff urges that at the time of the institution of this litigation defendant used a form of package and bottle which improperly resembled plaintiff's similar articles. It is quite possible that plaintiff would be entitled to restrain this imitative packing, whether intentionally adopted or only casually, or accidentally, as defendant claims. That issue need not be decided, because defendant has abandoned their use, and I have no doubt that the abandonment is permanent and made in good faith. Under these circumstances no useful purpose would be subserved by granting an injunction in respect of a minor item which has as matter of fact been eliminated, whereas the substantial contention relates to the use of the word " narcissus."

Complaint dismissed, without costs.